1  BELINDA M. VEGA (S.B. #208236)
   bvega@omm.com
2  ALEJANDRO N. MAYORKAS (S.B. #122447)
   amayorkas@omm.com
3  GRANT B. GELBERG (S.B. #229454)
   ggelberg@omm.com
4  ALISON A. FISCHER (S.B. #249030)
   afischer@omm.com
5  O'MELVENY & MYERS LLP
   400 South Hope Street
6  Los Angeles, CA 90071-2899
   Telephone:   (213) 430-6000
7  Facsimile:   (213) 430-6407

8  Attorneys for Defendant
   ADT Security Services, Inc.
9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12

13  People of the State of California,          Case No.

14                    Plaintiff,               **NOTICE OF REMOVAL OF
                                               DEFENDANT ADT SECURITY**
15        v.                                   **SERVICES, INC.**

16  ADT Security Services, Inc.,

17                    Defendant.

18

19        PLEASE TAKE NOTICE that Defendant ADT Security Services, Inc.

20  ("ADT") hereby removes the above-captioned action from the Superior Court of the State

21  of California in and for the County of Contra Costa, to the United States District Court for

22  the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. In

23  support of its removal, ADT respectfully states as follows:

24        1.    On February 25, 2008, People of the State of California ("Plaintiff")

25  commenced this action in the Superior Court of the State of California in and for the

26  County of Contra Costa, against ADT, captioned *People of the State of California v. ADT*

27  *Security Services, Inc.*, No. MSC08-00437. A true and correct copy of Plaintiff's

28  Complaint ("Compl.") is attached as Exhibit A. ADT was served with a copy of the

1  Complaint on March 26, 2008.  Accordingly, this Notice of Removal is timely filed

2  pursuant to 28 U.S.C. § 1446(b).

3          2.      Venue is proper in this Court pursuant to 28 U.S.C. § 84(a), because

4  it is the "district and division embracing the place where such action is pending."  *See* 28

5  U.S.C. § 1441(a).

6          3.      This action concerns the contracts entered into by ADT and ADT's

7  authorized dealers with California customers for burglary monitoring and other alarm

8  monitoring services.  Plaintiff asserts eight causes of action, seeking civil penalties, a

9  preliminary and permanent injunction, and restitution for various alleged violations of the

10  Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., Sections 17200, 17203, 17500

11  and 7599.54 of the California Business and Professions Code, and Sections 1803.3,

12  1671(d), and 1689.7(a)(1) of the California Civil Code.

13          4.      TILA is a federal statute which regulates the practices of merchants

14  in the extension of credit to retail customers and requires uniform disclosure of credit

15  information to consumers to enable them to make informed purchasing decisions.  *See*

16  *Mourning v. Family Publ'ns Serv., Inc.*, 411 U.S. 356, 363-66 (1973).

17          5.      The Supreme Court has recognized that federal question jurisdiction

18  exists over claims that are asserted under state law if the state law claims implicate

19  substantial federal questions.   *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,

20  545 U.S. 308, 314-15 (2005).  As the Supreme Court explained in *Grable*, the test for

21  whether a case warrants federal jurisdiction under this doctrine is whether the "state-law

22  claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a

23  federal forum may entertain without disturbing any congressionally approved balance of

24  federal and state judicial responsibilities."  *Id.* at 314.

25          6.      For its eighth cause of action, Plaintiff asserts a violation of Section

26  17200 of California Business and Professions Code, based on allegations that the

27  contracts ADT entered into with California customers, both directly and through its

28  authorized dealers, are in violation of TILA for failing to clearly and conspicuously

NOTICE OF REMOVAL OF DEFENDANT
ADT SECURITY SERVICES, INC.

disclose certain information such as the total sale price, the payment schedule, any late charges that may be imposed, as well as a statement referring customers to the appropriate document for information about nonpayment and default.  (Compl. ¶ ¶ 60-66).

7.      This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff must establish that ADT violated TILA in order to prevail on its state law claims.  *See Peterson v. Wells Fargo Bank*, 556 F. Supp. 1100, 1104-05 (N.D. Cal. 1981) ("[T]he federal questions are the essential and pivotal elements of plaintiff's cause of action because the state statue [California Business and Professions Code § 17200] merely provides an alternative, if not cumulative, remedy for a violation of a federal statute.")

8.      The threshold legal question this Court must address before rendering judgment on the eighth cause of action is central to the current dispute and involves an interpretation of the federal statute at issue: whether contracts that require recurring payments should be treated as "credit sales" pursuant to TILA.  *See* 15 U.S.C. § 1602(g); 12 C.F.R. § 226.2(a)(16).  Specifically, this Court must decide based on the allegations in the Complaint, the purely legal issue of whether TILA governs ADT's contracts.

9.      This federal question is substantial because it appears to be an issue of first impression, the resolution of which "would be controlling in numerous other cases" attempting to apply TILA to consumer contracts with ongoing payments.  *In re Nat'l Sec. Agency Telecomms. Records Litig.*, 483 F. Supp. 2d 934, 941 (N.D. Cal. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 681 (2006)).

10.     Moreover, "permitting [this case] to proceed in federal, rather than state, court will not 'disturb[ ] any congressionally approved balance of federal and state judicial responsibilities.'"  *Id.* at 943 (quoting *Grable*, 545 U.S. at 314); *see also County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1029 (N.D. Cal. 2005) (finding no disturbance of the balance of judicial responsibilities in deciding Section 17200 cases, because they "are already endemic in federal court.").  Indeed, Congress created a private right of action to allow creditors to bring claims for alleged TILA violations in "any

NOTICE OF REMOVAL OF DEFENDANT
ADT SECURITY SERVICES, INC.

1    United States district court." 15 U.S.C. § 1640(e); *see Grable*, 545 U.S. at 317 (finding

2    the existence of federal cause of action a "sufficient condition for federal-question

3    jurisdiction.").

4          11.    Plaintiff's remaining causes of action are claims over which this

5    Court may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a),

6    because they form part of the same case or controversy as the claims over which this

7    Court would have original jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.,*

8    *et al.*, 545 U.S. 546, 566 (2005); *Astra USA*, 401 F. Supp. 2d at 1025.

9          12.    ADT will promptly file a true and correct copy of this Notice of

10    Removal with the Clerk of the Court for the Superior Court of the State of California in

11    and for the County of Contra Costa, and serve plaintiff with a true and correct copy of this

12    Notice of Removal, in accordance with 28 U.S.C. § 1446(d).

13

14        WHEREFORE, ADT respectfully removes this action from the Superior Court of

15    the State of California in and for the County of Contra Costa, to this Court pursuant to 28

16    U.S.C. § 1441.

17        Dated: April *25* , 2008

18

19                        BELINDA M. VEGA
                         ALEJANDRO N. MAYORKAS

20                        GRANT B. GELBERG
                         ALISON A. FISCHER

21                        O'MELVENY & MYERS LLP

22

23                By: *Belinda Vega*
                         Belinda M. Vega

24                        Attorneys for Defendant
                       ADT Security Services, Inc.

25

26

27

28

     NOTICE OF REMOVAL OF DEFENDANT
                                         ADT SECURITY SERVICES, INC.

**Exhibit A**

ROBERT J. KOCHLY, District Attorney
County of Contra Costa
Lauren R. Wixson, Deputy District Attorney, SB#117178
627 Ferry Street
Martinez, CA 94553-0125
Telephone: 925.646.4532
Facsimile: 925.646.4683
Attorneys for Plaintiff

FILED

2008 FEB 25  A 10: 11

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.
BY _____
S. KATOKES, Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF CONTRA COSTA

MARTINEZ

| | |
|---|---|
| People of the State of California, | Case No. C _ 0 8 = 0 0 4 3 7 |
| Plaintiff, | COMPLAINT FOR CIVIL PENALTIES, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND RESTITUTION |
| vs. | |
| ADT SECURITY SERVICES, INC., | |
| Defendant | PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT _____ |

THE PEOPLE OF THE STATE OF CALIFORNIA, by and through Robert J. Kochly,

District Attorney of the County of Contra Costa, allege as follows:

1. Robert J. Kochly, District Attorney of Contra Costa County, acting to protect the

consumers of this State and County, brings this action in the public interest, in the name of the

People of the State of California.

2. The authority of the District Attorney of Contra Costa County is derived from the

statutory law of the State of California, including, but not limited to, Business and Professions

Code sections 17203, 17204, 17206, and 17500.

3. Plaintiff is informed and believes and thereupon alleges that Defendant, ADT

SECURITY SERVICES, INC. (hereinafter, "ADT"), is a Delaware corporation which does and

has done business in Contra Costa County and throughout California.

4. The violations of law described in this complaint have been carried out from as early

1

as January 1, 2002 to the present in the County of Contra Costa and elsewhere in the State of California.

5. Plaintiff and Defendant ADT have entered into a series of agreements to toll any applicable statute of limitations. As a result of these agreements, the period of time from October 14, 2005 through December 31, 2007 will not be included in computing any time limited by any statute of limitations under the causes of action against Defendant ADT that may arise out of claims covered by the tolling agreement. Those claims include the claims that are brought in this action against Defendant ADT.

6. Whenever an allegation regarding any act of the Defendant is made herein, such allegation shall be deemed to mean Defendant, or the agents, employees, officers, or directors of said Defendant, did or authorized such acts while actively engaged in the affairs of the Defendant and while acting within the scope and course of their employment or agency.

7. Plaintiff is informed and believes and thereupon alleges that from January 1, 2002 to the present, Defendant has engaged and is engaging in the business of selling home security services and equipment, burglar alarms, monitoring services, and related goods and services to consumers in this state.

8. Plaintiff is informed and believes and thereupon alleges that the aforementioned goods and services are sold directly by ADT or indirectly through a network of ADT authorized dealers. All direct and indirect sales involve written contracts and all involve the purchase of goods or services in the amount of twenty-five dollars or more. All of the contracts entered into directly or indirectly between ADT and consumers in this state are executed in the homes of these consumers and are home solicitation contracts or offers as defined in section 1689.5 of the California Civil Code.

<u>FIRST CAUSE OF ACTION</u>

(Business and Professions Code Section 17206 – Direct Contracts)

9. Plaintiff is informed and believes and thereupon alleges that Defendant utilizes a "form" contract or adhesion contract in its direct sales to California consumers of monitoring services, including burglary monitoring services, fire alarm, smoke detection, and carbon

2

1   monoxide monitoring, police emergency services, and related monitoring services. The wording

2   of this adhesion contract has changed in some respects since January of 2002.

3       10. Plaintiff is informed and believes and thereupon alleges that contracts entered into by

4   ADT with California consumers in its direct sales of burglary monitoring and related monitoring

5   services during the last four years provide in boilerplate language that the "initial term" of the

6   contract shall be for at least two years. After the expiration of the initial two year term, the

7   contract provides that service continues on a month to month basis, with either party having the

8   right to terminate the contract upon 30 days written notice.

9       11. Plaintiff is informed and believes and thereupon alleges that one form of direct ADT

10  adhesion contract is entitled, "Residential Services Contract (California)" and is contract form

11  number F5105-04(1/05). This form of contract has been used by ADT in California within the

12  last four years. Page 1 of 4 of the contract is the only page which has a place for the consumer's

13  signature and which has blanks to be filled in with information pertaining to the particular

14  consumer who is purchasing the goods and services from ADT. Two other pages (page 3 of 4,

15  located on the back of page 1 of 4, and page 4 of 4) contain 28 paragraphs of "boilerplate"

16  pertaining to additional terms and conditions. There is also an unnumbered page, front and back,

17  which contains the title of the document, the table of contents, and a list of additional products

18  and services available from ADT. It contains a blank space for the date of the contract and the

19  name and telephone number of the ADT sales representative.

20      12. Plaintiff is informed and believes and thereupon alleges that contract form number

21  F5105-04(1/05) has a section, section 2, on page 1 of 4, which specifies services to be provided

22  to the consumer. This section sets forth the total monthly service charge for burglary monitoring

23  and related monitoring services. The total amount of fees due each month for such services is

24  handwritten in the space provided on the contract form at the time the contract is entered into by

25  the consumer. This form also has a section 3 which specifies the equipment to be installed and

26  the prices for that equipment.

27      13. Plaintiff is informed and believes and thereupon alleges that contract form number

28  F5105-04(1/05) provides in boilerplate paragraph number 1, on the page numbered 3 of 4

COMPLAINT FOR CIVIL PENALTIES, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND RESTITUTION

1   (located on the back page of page 1 of 4), that the initial contract term is for two years. The

2   paragraph states that the contract will automatically renew after the initial two year term for a

3   period of thirty days unless terminated by either party upon 30 days written notice. There is no

4   statement on page 1 of 4 which informs the consumer that the contract is for two years.

5       14. Plaintiff is informed and believes and thereupon alleges that contract form number

6   F5105-04(1/05) has no space in section 2 or any place else on the contract form for the sum total

7   of all payments required to be made for burglary monitoring and related services during the

8   initial two year term of the contract.

9       15. Plaintiff is informed and believes and thereupon alleges that none of the contracts

10  entered into since January 1, 2002 by ADT with California consumers in its direct sales of

11  burglary monitoring and related monitoring services set forth the sum total of all monthly service

12  charges required to be paid by the consumer during the initial term of years of each contract.

13      16. Plaintiff is informed and believes and thereupon alleges that the vast majority of the

14  aforementioned direct contracts between ADT and consumers require more than four installment

15  payments by the consumer during the initial term of the contract.

16      17. Plaintiff is informed and believes and thereupon alleges that the contracts between

17  ADT and consumers in this state executed since January 1, 2002 for burglary monitoring and

18  related services, to the extent that they require more than four installment payments, are retail

19  installment contracts as defined in section 1802.6(b) of the Civil Code.

20      18. Plaintiff is informed and believes and thereupon alleges that section 1803.3 of the

21  Civil Code requires, among other things, that the total of all payments, or the total cash price for

22  the goods or services purchased, be disclosed on any retail installment contract.

23      19. Plaintiff is informed and believes and thereupon alleges that contract form number

24  F5105-04(1/05), as well as other forms used within the last four years, contains a boilerplate

25  paragraph on the back of page one (page 3 of 4), indistinguishable from the other boilerplate

26  paragraphs on the back of page one, which provides that the consumer agrees to pay $450.00 to

27  ADT if the consumer terminates the contract at any time during the first of the two years of the

28  initial term. This paragraph further provides that the consumer agrees to pay $200.00 to ADT if

4

8

the consumer terminates the contract at any time during the second of the two years of the initial term.  Thus, the consumer who terminates the contract in the eleventh month must pay the same early termination fee ($450) as the consumer who terminates in the second month of the contract, while the consumer who terminates in the thirteenth month pays the same early termination fee ($200) as the consumer who terminates in the twenty-third month of the contract.

20. Plaintiff is informed and believes and thereupon alleges that contracts entered into since January 1, 2002 by ADT with California consumers in its direct sales of burglary monitoring and related monitoring services provide in boilerplate language that the consumer agrees to pay an early termination fee should the consumer terminate the contract prior to the expiration of the initial term of years of the contract and that, in some cases, the early termination fees charged or collected by ADT exceeded the amount due on a monthly basis for the remainder of the initial term.

21. Plaintiff is informed and believes and thereupon alleges that ADT has charged, collected, and attempted to collect these early termination fees from consumers who have terminated their direct contracts with ADT prior to the conclusion of the "initial term" of their contracts, whether or not the termination was caused by a breach of contract by ADT or by the consumer.  Plaintiff further alleges on information and belief that, in some cases, consumers have been charged or have paid more in early termination fees than they would have paid had they simply paid the monthly charges, with or without service, through the end of the initial term of their direct contract with ADT.

22. Plaintiff is informed and believes and thereupon alleges that the boilerplate contract provisions referred to in paragraphs 19 through 21 above - which require the consumer to pay an early termination fee if the consumer terminates the contract during the initial term of the contract – are void as being liquidated damages provisions in violation of section 1671(d) of the Civil Code.

23. Plaintiff is informed and believes and thereupon alleges that contracts entered into since January 1, 2002 by ADT with California consumers in its direct sales of burglary monitoring and related monitoring services provide in boilerplate language that ADT has the

5

right to increase the annual service charge at any time after the first year of the initial term of the contract. For example, paragraph 3 on the back of page 1 of 4 of contract form number F5105-04(1/05) provides in part, that "We have the right to increase the annual service charge at any time after the first year."

24. Plaintiff is informed and believes and thereupon alleges that during the period encompassed by this Complaint, ADT raises and has raised the service charge amount billed to consumers during the initial term of its contracts for burglary monitoring and related services with consumers in this state, despite the fact that a lower monthly service charge, in dollars per month, is set forth on the first page of the contract which is signed by the consumer.

25. Plaintiff is informed and believes and thereupon alleges that ADT does not disclose, either verbally or in writing, at the time a consumer signs the direct contract with ADT, the amount by which the monthly service charge will be increased during the initial term of the contract, the date, within the initial contract term, on which the increase in the monthly rate will take effect, nor the increase in the total amount due, over the period of the initial term, because of the increase in the monthly service charge.

26. Plaintiff is informed and believes and thereupon alleges that ADT has collected, collects, and attempts to collect these increased monthly service charges during the initial term of its direct contracts with consumers.

27. Plaintiff is informed and believes and thereupon alleges that because of the manner in which the price for the monthly service charge is presented on ADT contract forms and the manner in which the language regarding the "right" of ADT to increase that monthly rate is set forth on that form, reasonable consumers entering into such contracts are likely to be deceived as to the true cost of the monthly service during the initial contract term and the true cost of the total of payments required to be made over the initial term of the contract that they are entering into with ADT.

28. Plaintiff is informed and believes and thereupon alleges that the failure of ADT to disclose the sum total of all required installment payments due during the initial term of its contracts for burglary monitoring and related services with consumers in this state; the actions of

6

10

ADT of including void liquidated damage provisions in its direct consumer contracts as specified above and in collecting and attempting to collect such liquidated damages and early termination fees from consumers who terminate their contracts prior to the conclusion of the initial contract term; and the actions of ADT of unilaterally raising the contract monthly service charge to consumers during the initial contract term, failing to disclose the amount of the increase in the monthly service charge at the inception of the contract, attempting to collect that increased monthly fee, and deceptively presenting the contract rate and cost information on the contract forms; as alleged in paragraphs 8 through 27 above, are unfair, unlawful, and fraudulent business acts and practices, are acts and practices in violation of sections 1803.3 and 1671(d) of the Civil Code and section 7599.54 of the Business and Professions Code, and are therefore acts of unfair competition in violation of section 17200 of the Business and Professions Code of the State of California.  Defendant is liable pursuant to section 17206 of the Business and Professions Code to pay a civil penalty of up to two thousand, five hundred dollars ($2,500.00) per violation per day.

## SECOND CAUSE OF ACTION

(Business and Professions Code Section 17536 – Direct Contracts)

29. Plaintiff realleges and incorporates by reference as though set forth in full herein Paragraphs 8 through 27 of this Complaint.

30. Plaintiff is informed and believes and thereupon alleges that the failure of ADT to disclose the sum total of all required installment payments due during the initial term of its contracts for burglary monitoring and related services with consumers in this state, the actions of ADT of failing to conspicuously disclose to consumers the liquidated damage and early termination fee provisions in its direct contracts and in collecting and attempting to collect such liquidated damages and early termination fees from consumers who terminate their dealer contracts prior to the conclusion of the initial contract term; and the actions of ADT of unilaterally raising the contract monthly service charge to consumers during the initial contract term, failing to disclose the amount of the increase in the monthly service charge at the inception of the contract, attempting to collect that increased monthly fee, and deceptively presenting the

7

contract rate and cost information on the contract forms, as alleged in paragraphs 8 through 27 above, constitutes false and misleading advertising, in violation of section 17500 of the Business and Professions Code of the State of California.  Defendant is liable pursuant to section 17536 of the Business and Professions Code to pay a civil penalty of up to two thousand, five hundred dollars ($2,500.00) per violation per day.

### THIRD CAUSE OF ACTION

(Business and Professions Code Section 17203 – Direct Contracts)

31. Plaintiff realleges and incorporates by reference as though set forth in full herein Paragraphs 8 through 27 and 30 of this Complaint.

32. Plaintiff is informed and believes and thereupon alleges that the practices of ADT as alleged in paragraphs 8 through 27 and 30 above, are unfair and unlawful business acts and practices, and are therefore acts of unfair competition in violation of sections 17200, 17203, and 17206 of the Business and Professions Code of the State of California.  Pursuant to section 17203 of the Business and Professions Code, Defendant should be ordered to pay restitution to all victims of its unlawful and unfair business practices, to state the sum total of all monthly service charges required to be paid during the initial term of years of each contract entered into with California consumers, to discontinue all contract provisions providing for liquidated damages and termination fees payable by consumers, to cease collecting liquidated damages and termination fees from consumers, and to cease raising monthly fees of consumers who are still in the initial term of their contracts with Defendant, unless at the time the contract is executed by the consumer, the proposed future increase in monthly fees is disclosed, conspicuously in writing, to each consumer, and is included in the sum of the total of all monthly service charges required to be paid over the initial term of each contract.

### FOURTH CAUSE OF ACTION

(Business and Professions Code Section 17206 – Dealer Contracts)

33. Plaintiff is informed and believes and thereupon alleges that the authorized dealers (dealers) in ADT's network of authorized dealers are agents of Defendant with respect to the sales in this state of Defendant's monitoring services, including burglary monitoring services,

COMPLAINT FOR CIVIL PENALTIES, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND RESTITUTION

12

fire alarm, smoke detection, and carbon monoxide monitoring, police emergency services, and related monitoring services.

34. Plaintiff is informed and believes and thereupon alleges that most contracts entered into between the ADT authorized dealers and California consumers with respect to the sales in this state of Defendant's monitoring services are subsequently assigned to ADT, and ADT provides the monitoring services and collects the payments made by consumers.

35. Plaintiff is informed and believes and thereupon alleges that Defendant requires and has required its dealers to utilize a "form" contract or adhesion contract in the dealers' sales to California consumers of ADT's burglary monitoring and related monitoring services. The required form contract has changed in some respects since January of 2002. One such form of dealer contract, used during the time period encompassed by this Complaint, is entitled, "Alarm Services Agreement" and is form number F5124-00(Rev.5-02). Another such form of dealer contract, used since on or about April of 2005, is entitled "Alarm Services Contract" and is form number F5124-01(rev. 08/04).

36. Plaintiff is informed and believes and thereupon alleges that the form adhesion contracts required by ADT for use by its dealers, and entered into between the dealers and California consumers since January of 2002, provide in boilerplate language that the initial term of the contract shall be for three years.

37. Plaintiff is informed and believes and thereupon alleges that none of the contract forms used by ADT authorized dealers since January of 2002, including form number F5124-00(Rev.5-02) and form number F5124-01(rev. 08/04), have a space on the contract form for the sum total of all periodic payments required to be made for burglary monitoring and related services during the initial three year term of the contract.

38. Plaintiff is informed and believes and thereupon alleges that the form adhesion contracts required by ADT for use by its dealers, and entered into between the dealers and California consumers since January of 2002, have a space for the monthly charge for burglary monitoring and related services. The total amount of fees due each month for such services is handwritten in the space provided on the contract form at the time the contract is entered into by

9

13

1    the consumer.

2    39. Plaintiff is informed and believes and thereupon alleges that none of the contracts

3    executed between ADT authorized dealers and consumers since January of 2002 state the sum

4    total of the monthly or other periodic payments required to be made by consumers during the

5    initial three year term of the contract.

6    40. Plaintiff is informed and believes and thereupon alleges that the ADT required form

7    contracts entered into between the dealers and California consumers since January of 2002,

8    provide in substance, that if the consumer terminates the contract during the three years of the

9    initial term, the consumer will pay 75% of the remaining amount due for that three year initial

10    term. For example, form number F5124-00(Rev.5-02), contains barely readable boilerplate

11    language on the back of the first page of the contract, indistinguishable from the other barely

12    readable boilerplate paragraphs on that page, that if the consumer is in default under the contract

13    or attempts to terminate the contract during the initial term, ADT may "declare immediately due

14    and payable an amount equal to 75% of the fees to be paid ... during the remaining term (initial

15    or renewal)" of the contract. Form number F5124-01(rev. 08/04) contains a boilerplate

16    paragraph on the back of page one, indistinguishable from the other boilerplate paragraphs on the

17    back of page one, which provides in eight or nine point type as follows: "EARLY

18    TERMINATION. YOU AGREE THAT THE CHARGES DUE UNDER THIS CONTRACT

19    ARE BASED ON YOUR AGREEMENT TO RECEIVE AND TO PAY FOR THE SERVICES

20    FOR THREE (3) FULL YEARS. ACCORDINGLY, YOU AGREE THAT: IF YOU

21    TERMINATE THIS CONTRACT DURING ITS INITIAL TERM, YOU WILL PAY US

22    AN AMOUNT EQUAL TO 75% OF THE CHARGES TO BE PAID BY YOU DURING THE

23    REMAINING INITIAL THREE (3) YEAR TERM OF THIS CONTRACT. THIS AMOUNT IS

24    AGREED UPON DAMAGES AND IS NOT A PENALTY."

25    41. Plaintiff is informed and believes and thereupon alleges that ADT has collected and

26    attempted to collect these early termination fees from all consumers who have terminated their

27    contracts with ADT prior to the conclusion of the initial three year contract term of their

28    contracts, whether or not the termination was caused by a breach of contract by ADT or by the

COMPLAINT FOR CIVIL PENALTIES, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND RESTITUTION

14

consumer.

42. Plaintiff is informed and believes and thereupon alleges that the boilerplate contract provisions referred to in paragraphs 40 through 41 above - which require the consumer to pay an early termination fee if the consumer terminates the contract during the initial term of the contract – are void as being liquidated damages provisions in violation of section 1671(d) of the Civil Code.

43. Plaintiff is informed and believes and thereupon alleges that most of the contracts entered into between the dealers and California consumers since January of 2002 for burglary monitoring and related services require more than four installment payments by the consumer during the initial term of the contract.

44. Plaintiff is informed and believes and thereupon alleges that the contracts entered into between the dealers and California consumers since January of 2002 for burglary monitoring and related services, to the extent that they require more than four installment payments, are retail installment contracts as defined in section 1802.6(b) of the Civil Code.

45. Plaintiff is informed and believes and thereupon alleges that section 1803 of the Civil Code requires, among other things, that the total of all payments, or the total cash price for the goods or services purchased, be disclosed on any retail installment contract.

46. Plaintiff is informed and believes and thereupon alleges that all contracts entered into between the dealers and California consumers since January of 2002 for burglary monitoring and related services provide in boilerplate language that the annual service charge may be increased at any time after the first year of the initial term of the contract.  For example, contract form number F5124-00(Rev.5-02) provided as follows: "Dealer shall have the right annually to increase the rates charged for Services after the first year of the Initial Term or during any Renewal Term without notice to Subscriber." Form number F5124-01(rev. 08/04) provides, in part, on the second page of the contract: "INCREASES IN CHARGES. We have the right to increase the annual service charge at any time after the first year."

47. Plaintiff is informed and believes and thereupon alleges that ADT raises and has raised the service charge amount billed to consumers during the initial term of these dealer

COMPLAINT FOR CIVIL PENALTIES, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND RESTITUTION

15

contracts for burglary monitoring and related services with consumers in this state, despite the fact that a lower monthly service charge, in dollars per month, is set forth on the first page of the contract which is signed by the consumer.

48. Plaintiff is informed and believes and thereupon alleges that neither the dealers nor ADT disclose, either verbally or in writing, at the time the consumer signs the dealer contract, the amount, if any, by which the monthly service charge will be increased during the initial contract term.

49. Plaintiff is informed and believes and thereupon alleges that ADT has collected and attempted to collect these increased monthly service charges during the initial term of the dealer contracts with consumers.

50. Plaintiff is informed and believes and thereupon alleges that because of the manner in which the price for the monthly service charge is presented on ADT dealer contract forms and the manner in which the language regarding the "right" of ADT to increase that monthly rate is set forth on that form, reasonable consumers entering into such contracts are likely to be deceived as to the true cost of the monthly service during the initial contract term and the true cost of the total of payments required to be made over the initial term of the contract that they are entering into.

51. Plaintiff is informed and believes and thereupon alleges that the failure of ADT and its dealers to disclose the sum total of all required installment payments due during the initial term of the dealer contracts for burglary monitoring and related services entered into with consumers in this state; the actions of ADT in requiring its authorized dealers to use a contract form which does not provide for disclosure of the sum total of all required installment payments, including increased monthly service charges, during the initial term of the contracts for burglary monitoring and related services with consumers in this state; the actions of ADT of including void liquidated damage provisions in its dealer contracts and in collecting and attempting to collect such liquidated damages and early termination fees from consumers who terminate their dealer contracts prior to the conclusion of the initial contract term; and the actions of ADT of unilaterally raising the contract monthly service charge to consumers during the initial contract

12

term, failing to disclose and failing to require its dealers to disclose the amount of the increase in the monthly service charge at the inception of the contract, attempting to collect that increased monthly fee, and deceptively presenting the contract rate and cost information on the contract forms; as alleged in paragraphs 34 through 48 above, are unfair and unlawful business acts and practices, are acts and practices in violation of sections 1803.3 and 1671(d) of the Civil Code and section 7599.54 of the Business and Professions Code, and are therefore acts of unfair competition in violation of section 17200 of the Business and Professions Code of the State of California.  Defendant is liable pursuant to section 17206 of the Business and Professions Code to pay a civil penalty of up to two thousand, five hundred dollars ($2,500.00) per violation per day.

<u>FIFTH CAUSE OF ACTION</u>

(Business and Professions Code Section 17536 – Dealer Contracts)

52. Plaintiff realleges and incorporates by reference as though set forth in full herein Paragraphs 33 through 50 of this Complaint.

53. Plaintiff is informed and believes and thereupon alleges that the failure of ADT and its dealers to disclose the sum total of all required installment payments due during the initial term of the dealer contracts for burglary monitoring and related services entered into with consumers in this state; the actions of ADT in requiring its authorized dealers to use a contract form which does not provide for disclosure of the sum total of all required installment payments, including increased monthly service charges, during the initial term of the contracts for burglary monitoring and related services with consumers in this state; the actions of ADT and its dealers of failing to conspicuously disclose to consumers the liquidated damage and early termination fee provisions in its dealer contracts and in collecting and attempting to collect such liquidated damages and early termination fees from consumers who terminate their dealer contracts prior to the conclusion of the initial contract term; and the actions of ADT of unilaterally raising the contract monthly service charge to consumers during the initial contract term, failing to disclose and failing to require its dealers to disclose the amount of the increase in the monthly service charge at the inception of the contract, attempting to collect that increased monthly fee, and

COMPLAINT FOR CIVIL PENALTIES, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND RESTITUTION

17

1   deceptively presenting the contract rate and cost information on the contract forms as alleged in

2   paragraphs 33 through 50 above, constitutes false and misleading advertising, in violation of

3   section 17500 of the Business and Professions Code of the State of California.  Defendant is

4   liable pursuant to section 17536 of the Business and Professions Code to pay a civil penalty of

5   up to two thousand, five hundred dollars ($2,500.00) per violation per day.

6   SIXTH CAUSE OF ACTION

7   (Business and Professions Code Section 17203 – Dealer Contracts)

8   54. Plaintiff realleges and incorporates by reference as though set forth in full herein

9   paragraphs 33 through 50 and 53 of this Complaint.

10   55. Plaintiff is informed and believes and thereupon alleges that the actions of ADT as

11   alleged in paragraphs 33 through 50 and 53 above, are unfair and unlawful business acts and

12   practices, and are therefore acts of unfair competition in violation of sections 17200, 17203, and

13   17206 of the Business and Professions Code of the State of California.  Pursuant to section

14   17203 of the Business and Professions Code, Defendant should be ordered to pay restitution to

15   all victims of its unlawful and unfair business practices, to state the sum total of all monthly

16   service charges required to be paid during the initial term of years of each contract entered into

17   with California consumers, to discontinue all contract provisions providing for liquidated

18   damages and termination fees payable by consumers, to cease collecting liquidated damages and

19   termination fees from consumers, and to cease raising monthly fees of consumers who are still in

20   the initial term of their contracts with Defendant, unless at the time the contract is executed by

21   the consumer, the proposed future increase in monthly fees is disclosed, conspicuously in

22   writing, to each consumer, and is included in the sum of the total of all monthly service charges

23   required to be paid over the initial term of each contract.

24   SEVENTH CAUSE OF ACTION

25   (Business and Professions Code Section 17206)

26   56. Plaintiff realleges and incorporates by reference as though set forth in full herein

27   paragraphs 33 through 50 and 53 of this Complaint.

28   57. Plaintiff is informed and believes and thereupon alleges that contract form numbers

14

COMPLAINT FOR CIVIL PENALTIES, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND RESTITUTION

F5124-00(Rev.5-02) and F5124-01(rev. 08/04) which ADT requires its dealers to use in contracts with California consumers must contain the notice required by section 1689.7(a)(1) of the Civil Code pertaining to the consumer's right to cancel the contract within three business days. This notice must be "in immediate proximity" to the space reserved for the consumer's signature. Plaintiff alleges upon information and belief that this notice on the above mentioned contract form numbers is not in immediate proximity to the space reserved for the consumer's signature. Plaintiff further alleges that contracts entered into between ADT authorized dealers and California consumers since April of 2002 for burglary monitoring and related services, do not comply with Civil Code section 1689.7(a)(1).

58. Plaintiff is informed and believes and thereupon alleges that the failure of ADT and its authorized dealers to comply with Civil Code section 1689.7(a)(1) in its dealing with California consumers as alleged in paragraph 57 above, are unfair and unlawful business acts and practices, and are therefore acts of unfair competition in violation of sections 17200, 17203, and 17206 of the Business and Professions Code of the State of California. Pursuant to Civil Code section 1689.7(a)(1) and section 17203 of the Business and Professions Code, Defendant should to ordered to cancel all dealer contracts with consumers who are presently in the collection process or who have been in the collection process at any time since April of 2002 and refund all moneys collected from such consumers in excess of the contract price of the monitoring services actually provided to such consumers before their monitoring service was canceled. Further, ADT should be ordered to require its dealers to use contracts which comply with the requirements of Civil Code section 1689.7(a)(1) and other provisions of the California Home Solicitation Sales Act.

<u>EIGHTH CAUSE OF ACTION</u>

(Business and Professions Code Section 17206 - TILA)

59. Plaintiff realleges and incorporates by reference as though set forth in full herein paragraphs 8 through 27, 33 through 50 and 53 of this Complaint.

60. Plaintiff is informed and believes and thereupon alleges that the vast majority of the contracts for burglary monitoring and related services executed between ADT and consumers

COMPLAINT FOR CIVIL PENALTIES, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND RESTITUTION

*19*

(direct contracts) and between ADT and consumers through its authorized dealers (dealer contracts) since January of 2002, require more than four installment payments by the consumer during the initial term of each contract.

61. Plaintiff is informed and believes and thereupon alleges that the aforementioned contracts, to the extent that they require more than four installment payments, are credit sales pursuant to 15 USC §1602(g) and 12 CFR § 226.2(a)(16).

62. Plaintiff is informed and believes and thereupon alleges that pursuant to 15 USC §1638(a)(6) and 12 CFR § 226.18(g), ADT is required to disclose on its contracts with consumers the payment schedule, including the number, amounts, and timing of payments (due dates or period of payments).

63. Plaintiff is informed and believes and thereupon alleges that pursuant to 15 USC §1638(a)(7) and 12 CFR § 226.18(j), ADT is required to disclose on its contracts with consumers the total sale price (the total of the cash price of the services, additional charges, and the finance charge, if any) using that term, and a descriptive explanation such as ``the total price of your purchase on credit, including your downpayment of $----."

64. Plaintiff is informed and believes and thereupon alleges that pursuant to 12 CFR § 226.18(l), ADT is required to disclose on its contracts with consumers any dollar or percentage charge that may be imposed before maturity due to a late payment.

65. Plaintiff is informed and believes and thereupon alleges that pursuant to 12 CFR § 226.18(p), ADT is required to disclose on its contracts with consumers a statement that the consumer should refer to the appropriate contract document for information about nonpayment and default.

66. Plaintiff is informed and believes and thereupon alleges that pursuant to 12 CFR § 226.17, ADT was and is required to make the disclosures required by section 216.18 clearly and conspicuously in writing, grouped together, segregated from everything else, and not containing any information not directly related to the required disclosures.

67. Plaintiff is informed and believes and thereupon alleges that the Defendant has failed during the period encompassed by this Complaint to make the disclosures to consumers as

16

20

outlined in paragraphs 62 through 66 above.

68. Plaintiff is informed and believes and thereupon alleges that the actions of Defendant as set forth in paragraphs 60 through 67 are unlawful and unfair business acts and practices in violation of section 17200 of the Business and Professions Code of the State of California. Defendant is liable pursuant to section 17206 of the Business and Professions Code to pay a civil penalty of up to two thousand, five hundred dollars ($2,500.00) per violation per day.

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

A. That Defendant pay civil penalties of not less than five million dollars according to law;

B. That Defendants be preliminarily and permanently enjoined from engaging in the unlawful, unfair and fraudulent business practices described in this Complaint;

C. That Defendants be preliminarily and permanently enjoined from engaging in the violations of section 17500 of the California Business and Professions Code as described in this Complaint;

D. That Defendants make restitution to all consumers from whom they have collected early contract termination fees; and

E. That Defendants make restitution to all consumers from whom they have collected monthly charges during any initial term which exceed the monthly charge set forth on the contract as the monthly contract charge at the time the contract was executed; and

F. That Plaintiff have such other further relief as to the court may seem just and proper.

DATED: 2/25/08
At Martinez, California.

Respectfully submitted,
ROBERT J. KOCHLY
District Attorney

Lauren R. Wixson
Deputy District Attorney

17

COMPLAINT FOR CIVIL PENALTIES, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND RESTITUTION

**PROOF OF SERVICE**

I, Robin Hammond, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On April 25, 2008, I served the within documents:

NOTICE OF REMOVAL OF DEFENDANT ADT
SECURITY SERVICES, INC.

☒   I caused the personal service of the above-listed document(s) by requesting that an agent or employee of Nationwide Legal, Inc. deliver to the office of the recipient named below, either by handing the document(s) to the recipient or by leaving the document(s) with the receptionist or other person apparently in charge of the recipient's office.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Robert J. Kochly, District Attorney
County of Contra Costa
Lauren R. Wixson, Deputy District Attorney
627 Ferry Street
Martinez, CA 94553-0125
Phone: (925) 646-4532
Fax: (925) 646-4683

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on April 25, 2008, at Los Angeles, California.

_____
Robin Hammond

LA2:859629.1